(No. 809—Claimant awarded $3,149.74 with interest.)

GUSTAVE C. STRAUSS, EXECUTOR OF THE ESTATE OF LOUIS STERN, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 16, 1924.*

INHERITANCE TAX—*when claimant entitled to refund for overpayment.* Where it clearly appears that an inheritance tax has been erroneously assessed, and is paid, claimant will be entitled to a refund of the overpayment.

STEIN, MAYER & DAVID, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration in this case shows that the plaintiff, Gustave C. Strauss, executor in the estate of Louis Stern, deceased, a resident of Chicago, Cook County, Illinois, died testate, leaving a last will and testament dated the 27th day of October, 1921, that thereafter Gustave C. Strauss filed his petition in the probate court of Cook County, praying that the last will and testament of Louis Stern be admitted to probate and that letters testamentary in the estate of Louis Stern, deceased, be issued to the plaintiff, Gustave C. Strauss, that thereafter on March 14, 1922, the said last will and testament duly admitted to probate in the probate court of Cook County, Illinois, and letters testamentary were duly issued by said court to said plaintiff.

The plaintiff alleges that on or about January 24, 1922, the Honorable Edmund K. Jarecki, judge of the county court of Cook county, appointed an appraiser to conduct an appraisement and to assess and fix the fair market value of the property appraisable by reason of the death of said Louis Stern and to fix the tax thereon under the inheritance tax laws of the State of Illinois; that the appraiser afterwards came into court and presented his appraisement and an order was entered by said court finding that the fair market value of the estate or interest of Mathilda Stern, widow, be fixed at $40,147.36 and that the taxable cash value of said interest be assessed at $20,147.36, and that the inheritance tax for which said estate or interest of Mathilda Stern is liable, be fixed at $402.95, that the said order further finds that the fair market value of the estate or interest of Alfred Friedlich, growing out of the said estate of Louis Stern, deceased, be

assessed at $77,086.65 and the taxable cash value of said interest be assessed at $76,986.65, and that the inheritance tax for which said estate or interest of Alfred Friedlich is liable be fixed at $9,917.86 making a total amount of inheritance tax due the State of Illinois from said estate of Louis Stern of $10,320.81.

The plaintiff further avers that the sum of $10,320.81 fixed by the county court of Cook County as the inheritance taxes due the State of Illinois from the estate of Louis Stern, deceased, was and is erroneous in that the said tax was predicated upon the fact that the securities representing the sum of $26,740.00 as set forth in said declaration is a part of the estate of Louis Stern, deceased, that in truth and in fact was due the State of Illinois from the assets or interest growing out of the estate of Louis Stern, deceased, as inheritance taxes, only the sum of $7,171.07; that the payment by the plaintiff to the State of Illinois of the said sum of $10,320.81 was an erroneous over-payment of inheritance taxes to the State of Illinois to the extent of $3,149.74.

The Attorney General of the State of Illinois, in behalf of the State, files his consent in writing to an award and says that the claim as set forth in the declaration filed in this cause has been given thorough investigation by the Attorney General.

The Attorney General finds that the facts in this case are as alleged in said declaration.

The Attorney General further finds that the claimant is entitled to a refund in the sum of $3149.74 with interest thereon at the rate of 3% from May 21, 1923, and he accordingly hereby consents to an award in favor of the claimant for said sum.

It is therefore ordered by the court that said claimant be allowed an award in the sum of $3,149.74 with interest thereon at 3% from May 21, 1923.